**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| CHATAM INTERNATIONAL INCORPORATED | : | |
| | : | |
| and | : | |
| | : | |
| CHARLES JACQUIN ET CIE, INC., | : | Civil Action No. |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MILLSTONE SPIRITS GROUP LLC | : | |
| D/B/A/ NEW LIBERTY DISTILLERY | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiffs, Chatam International Incorporated (hereinafter "Chatam") and Charles Jacquin et Cie, Inc. (hereinafter "Charles Jacquin," and collectively "Plaintiffs"), by their attorneys, as and for their complaint against defendant Millstone Spirits Group LLC d/b/a New Liberty Distillery (hereinafter "Millstone"), allege, on personal knowledge as to their own activities, and on information and belief as to the activities of others, as follows:

1.      This is a civil action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(a), unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), common law trademark infringement, and for common law unfair competition.  Plaintiffs seek actual damages, profits, attorneys' fees, costs of suit, and injunctive relief as well as a determination that Millstone's conduct constitutes deliberate, willful and/or bad faith conduct such that this should be declared an exceptional case under 15 U.S.C. § 1117(a).

2.      Plaintiff Charles Jacquin was founded in 1884, and produces, imports, and sells a variety of alcoholic beverages in the United States, including in Pennsylvania.  Charles Jacquin's principal place of business is at 2633 Trenton Ave, Philadelphia, PA 19125.

3.      Charles Jacquin is the oldest producer of cordials in the United States.

4.      Plaintiff Charles Jacquin is the operating subsidiary of Chatam International Incorporated, a Delaware corporation, having its principal place of business at 1105 North Market Street, Suite 1300, Wilmington, DE 19801.

5.      Plaintiff Chatam is the owner of U.S. Trademark Registration 1,300,868 (hereinafter "the Registration"), issued October 16, 1984, for ORIGINAL PENNSYLVANIA DUTCH for liqueur in International Class 33, and claiming a first use date of October 5, 1981 (hereinafter "the Registered Mark"). A copy of Chatam's registration certificate is appended hereto as Exhibit A.

6.      Charles Jacquin sells and has sold for many years, and long prior to the acts complained of Defendant herein, ORIGINAL BRAND PENNSYLVANIA DUTCH Egg Nog. ORIGINAL BRAND PENNSYLVANIA DUTCH Egg Nog is sold in Pennsylvania through the Pennsylvania Liquor Control Board and in interstate commerce, and is available for sale in 200 ml, 750 ml and 1.75 liter portions. A photograph of a bottle of ORIGINAL BRAND PENNSYLVANIA DUTCH Egg Nog is appended hereto as Exhibit B. ORIGINAL BRAND PENNSYLVANIA DUTCH Egg Nog includes whiskey. A photograph of a shipping case for ORIGINAL BRAND PENNSYLVANIA DUTCH Egg Nog is appended hereto as Exhibit C.

7.      Charles Jacquin sells and has sold for many years, and long prior to the acts complained of Defendant herein, ORIGINAL BRAND PENNSYLVANIA DUTCH Pumpkin Cream Liqueur. ORIGINAL BRAND PENNSYLVANIA DUTCH Pumpkin Cream Liqueur is sold in Pennsylvania through the Pennsylvania Liquor Control Board and interstate commerce, and is available for sale in 750 ml and 1.75 liter portions. A photograph of a bottle of ORIGINAL BRAND PENNSYLVANIA DUTCH Pumpkin Cream Liqueur is appended hereto as Exhibit D. A photograph of a shipping case for ORIGINAL BRAND PENNSYLVANIA DUTCH Pumpkin Cream Liqueur is appended hereto as Exhibit E. Plaintiffs are in the process of preparing to introduce ORIGINAL BRAND PENNSYLVANIA

DUTCH Root Beer Schnapps.

8.      Millstone has recently begun to sell in the United States an alcoholic beverage under the mark PENNA DUTCH MALT WHISKEY.  A photograph of a bottle of Millstone's PENNA DUTCH MALT WHISKEY product is appended hereto as Exhibit F.  Millstone's PENNA DUTCH MALT WHISKEY product sold is in Pennsylvania through the Pennsylvania Liquor Control Board and in interstate commerce

9.      Millstone has applied to register the mark PENNA DUTCH MALT WHISKEY with the U.S. Patent and Trademark Office in International Class 33 for "alcoholic beverages, except beer."  Millstone claims that it first used the mark PENNA DUTCH MALT WHISKEY on January 25, 2017.

10.     Millstone's use of the trademark PENNA DUTCH MALT WHISKEY is likely to cause confusion among consumers and thus infringes upon Plaintiffs' registered trademark ORIGINAL PENNSYLVANIA DUTCH and Plaintiffs' common law trademark rights.

## JURISDICTION AND VENUE

11.     This action involves claims arising under the Lanham Act (Title 15, United States Code, Sections 1114, 1116, 1117, 1121, and 1125(a) and under the laws of the State of Pennsylvania, including trademark infringement, false designation, and unfair competition.

12.     This Court has jurisdiction over the subject matter of the causes of action stated herein pursuant to 28 U.S.C. §§ 1331 and 1367.

13.     This Court has personal jurisdiction over Defendant Millstone.  Millstone is a Delaware limited liability company having a regular and established place of business at 1431 North Cadwallader Street, Philadelphia, PA 19122.

14.     Millstone sells products bearing the infringing trademark in Pennsylvania including in this judicial district; and has disseminated advertising bearing the infringing trademarks and containing the false designations and representations in Pennsylvania including in this

- 3 -

judicial district; and otherwise conducts business in Pennsylvania including this judicial district.

15.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (c) because the Court has personal jurisdiction over Millstone.  Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because events or omissions giving rise to the claims occurred in this judicial district.  Millstone has solicited and made sales in this judicial district which are the subject of Plaintiff's trademark infringement and unfair competition claims, including at Pennsylvania State Stores.  Defendant has also committed the offending acts by advertising on the internet (https://newlibertydistillery.com/spirits/penna-dutch-malt/) which is accessible and used by residents of this judicial district.

COUNT I
INFRINGEMENT OF REGISTERED TRADEMARK – 15 U.S.C. §1114

16.    The allegations contained Paragraphs 1 through 14 above are incorporated herein by reference.

17.    Plaintiffs have developed, manufactured, promoted, advertised, marketed, distributed and sold alcoholic beverages under the Registered Mark.  Since October 1981, Plaintiffs have continuously and exclusively used in commerce the Registered Mark in association with these goods.  The Registration is *prima facie* evidence of the validity of the mark and Chatam's ownership thereof, and constructive notice of the ownership of the mark by Chatam.  The Registration has achieved incontestable status, and is conclusive evidence of Plaintiffs' exclusive right to use the mark in commerce.

18.    The mark ORIGINAL PENNSYLVANIA DUTCH and the mark PENNA DUTCH MALT WHISKEY engender substantially identical or substantially similar, if not identical, appearances, sounds, meanings and overall commercial impressions such that confusion as to the source of the goods and services offered under the respective marks is likely to result.

19.    The adoption by Millstone and use of the mark PENNA DUTCH MALT WHISKEY in

- 4 -

connection with substantially identical goods, sold in the same channels of trade as Plaintiffs' ORIGINAL PENNSYLVANIA DUTCH alcoholic beverages, is likely to cause confusion to the general public, consumers and the business community in the erroneous belief that the alcoholic beverages offered by Millstone somehow originate with, and/or are sponsored or endorsed by Plaintiffs.  Specifically, such activities by Millstone are likely to cause confusion, mistake or deception as to the source, origin or approval of the infringing products being offered and/or distributed by Millstone.

20.     Further, the activities of Millstone are intended to, and are likely to lead the public to conclude, incorrectly, that the infringing products being offered or distributed by Millstone which bear the mark PENNA DUTCH MALT WHISKEY, which are or have been distributed, solicited for distribution, offered, advertised and marketed by Millstone originate with, are sponsored by, or are authorized by Plaintiffs, to the damage and harm of Plaintiffs and the public.  Millstone's activities constitute willful and deliberate infringement of Plaintiffs' Registered Mark in violation of The Lanham Trademark Act.

21.     Millstone's use and advertising of the mark PENNA DUTCH MALT WHISKEY without the consent of Plaintiffs in connection with alcoholic beverages is prohibited by 15 U.S. C. § 1114 and in violation of Plaintiffs' exclusive right to use the Registered Mark in commerce.

22.     As a result of the foregoing, the Plaintiffs have been damaged irreparably in an amount that has yet to be ascertained. In addition to Plaintiff's actual damages, Plaintiffs are entitled to receive Millstone's profits pursuant to 15 U.S. C. § 1117(a).

23.     The activities of Millstone have caused and will cause irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law in that (i) if Millstone's wrongful conduct continues, consumers are likely to become further confused as to the source of Plaintiffs' product bearing the Registered Trademark; (ii) Plaintiffs' Registered Trademark is unique

- 5 -

and valuable property which has no readily determinable market value; (iii) the infringement by Millstone constitutes an interference with Plaintiffs' goodwill and customer relationships; and (iv) Millstone's wrongful conduct, and the damages resulting to Plaintiffs is continuing. Accordingly Plaintiffs are entitled to injunctive relief pursuant to 15 U. S. C. § 1116 (a).

24.     Plaintiffs allege that Millstone has committed the acts alleged above with previous knowledge of Plaintiffs' prior use and superior rights in the Registered Trademark and rights at common law, and with previous knowledge of the reputation of Plaintiffs' Registered Trademark in interstate commerce.  Further, Plaintiffs allege that Millstone's actions were undertaken for the willful and calculated purpose of trading upon Plaintiffs' goodwill and for the willful and calculated purpose of distributing infringing products based upon the goodwill of Plaintiffs' Registered Trademark and rights at common law and business reputation so as to mislead and deceive customers and the public.  Millstone's actions are likely to cause confusion and mistake among customers and the public as to the origin or association of the infringing products, all to Millstone's gain and Plaintiffs' damage.

25.     Plaintiffs are entitled to recover their attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

**COUNT II**

**FEDERAL UNFAIR COMPETITION – 15 U.S.C. §1125(a)**

26.     The allegations contained in Paragraphs 1 through 25 are incorporated herein by reference.

27.     The aforementioned use of the mark and activities by Millstone or those acting on Millstone's behalf or for Millstone's benefit included false or misleading statements that actually deceive or at least had a tendency to deceive a substantial portion of the public. These communications and activities are material in that they were likely to influence the respective purchasing decisions of the intended audience.

28.     The use of the mark and activities actually caused, or had and have a high likelihood

of causing injury to Plaintiffs in the form of lost sales and lost goodwill among perspective purchasers of the products developed, manufactured, promoted, advertised, marketed, distributed and sold by Plaintiffs.  The aforementioned use and activities by Millstone constitute false and misleading representations in commercial advertising and promotion and violations of 15 U.S. C. § 1125(a), Section 43(a) of the Lanham Act.

29.     Millstone's use of the mark PENNA DUTCH MALT WHISKEY, constitutes the use of a term, name, symbol or device and a false designation of origin and false or misleading description or representation, which will cause, unless enjoined, confusion or mistake as to affiliation, connection or association of Plaintiffs or as to the origin, sponsorship or approval of Plaintiffs of Millstone and Millstone's goods, all in violation of § 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a).

30.     As a direct and proximate result of Millstone's violations of Section 43(a) of The Lanham Act, Plaintiffs will suffer monetary damages in an amount not presently known and will be irreparably injured.

31.     Plaintiffs have no adequate remedy at law.  These communications and activities have actually caused and, if not enjoined, will continue to cause, irreparable damage to Plaintiffs and to their business reputation and goodwill.  Plaintiffs are further entitled to recover damages, attorneys' fees and other remedies provided by 15 U. S. C. § 1125.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

32.     Paragraphs 1-31 are incorporated herein by reference as though fully set forth herein.

33.     Plaintiffs have marketed alcoholic beverages in the United States and Pennsylvania under the mark, PENNSYLVANIA DUTCH, and have established common-law rights therein.

32.     Millstone's aforesaid acts are in violation of Plaintiffs' common-law rights in the mark,

PENNSYLVANIA DUTCH.  Plaintiffs have suffered and will continue to suffer damages.

33.     Plaintiffs seek to recover from Millstone all damages sustained by Plaintiffs resulting from the acts of infringement.  Because Millstone has acted knowingly, willfully and deliberately, the Court should also grant exemplary damages and attorneys' fees to the Plaintiffs.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

34.     Paragraphs 1- 33 are incorporated herein by reference as though fully set forth herein.

35.     Because of Millstone's aforesaid acts, Millstone's PENNA DUTCH MALT WHISKEY product will tacitly be passed off as produced by, under license from, or with the approval of Plaintiffs.

36.     Millstone's conduct constitutes trading on Plaintiffs' goodwill and is unfair competition in violation of state statutory and common-law unfair competition.

37.     Plaintiffs have suffered and will continue to suffer damages.   There is no remedy at law.

## PRAYER FOR RELIEF

    Plaintiffs demand that judgment as follows be entered in their favor and against Millstone:

        (1)     Permanently enjoining Millstone from infringing Plaintiffs' Registered Trademark and common law rights, in connection with the marketing and sale of alcoholic beverages;

        (2)     Requiring Millstone to account to Plaintiffs in accordance with 15 U.S.C. § 1117 for any and all profits derived by defendant as a result of their trademark infringement;

        (3)     Award Plaintiffs their damages caused by Millstone's infringement and unfair competition;

- 8 -

(4)     Declaring that this case is exceptional under 15 U.S.C. § 1117 and awarding

Plaintiffs theirs costs and attorneys' fees; and

(5)     Awarding such other relief as the Court deems proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by a jury of all

issues so triable.

June 20, 2017                          Respectfully submitted,

                            BY:

                            JAMES C. MCCONNNON, ESQ.
                             Pennsylvania Atty. No. 13011
                            ALEX R. SLUZAS, ESQ.
                             Pennsylvania Atty. No.  39931

                            ATTORNEYS FOR  PLAINTIFF

                            PAUL & PAUL
                            1717 Arch  Street
                            Suite 3740
                            Philadelphia, PA  19103
                            Tel.: (215) 568-4900
                            Fax: (215) 567-5057

# Exhibit A

Int. Cl.: 33

Prior U.S. Cl.: 49

**United States Patent and Trademark Office**

Reg. No. 1,300,868
Registered Oct. 16, 1984

## TRADEMARK
### Principal Register

# ORIGINAL PENNSYLVANIA DUTCH

Chatam International Incorporated (Delaware corporation), a.k.a. Penco Distillers Co.
2633 Trenton Ave.
Philadelphia, Pa. 19125

For: LIQUEUR, in CLASS 33 (U.S. Cl. 49).
First use Oct. 5, 1981; in commerce Oct. 5, 1981.
No claim is made to the exclusive right to use the word "Original", apart from the mark as shown.

Ser. No. 336,022, filed Nov. 6, 1981.

JULIE B. SEYLER, Examining Attorney

# Exhibit B





# Exhibit C




# Exhibit D



# Exhibit E



# Exhibit F



JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHATAM INTERNATIONAL INCORPORATED, CHARLES JÁCQUIN ET CIE, INC. | MILLSTONE SPIRITS GROUP LLC, D/B/A/ NEW LIBERTY DISTILLERY |

**(b)** County of Residence of First Listed Plaintiff   New Castle, DE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul & Paul
1717 Arch Street, Suite 3740
Philadelphia, PA 19103; 215-568-4900

Attorneys *(If Known)*
Donna H. Hartman, Esq., Olender Feldman, 422 Morris Avenue,
Summit, NJ 07901, 908-964-2420

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☒ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1114(a), 15 U.S.C. § 1125(a)
Brief description of cause:
Infringement of registered trademark; unfair competition

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
06/12/2017

SIGNATURE OF ATTORNEY OF RECORD
s/Alex R. Sluzas/ (PA Bar 39931)   *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1105 N. Market Street, Suite 1300, Wilmington, DE 19801; 2633 Trenton Ave., Phila., PA 19125

Address of Defendant: 1431 N. Cadawalder Street, Philadelphia, PA 19122

Place of Accident, Incident or Transaction: Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes□  No☑

Does this case involve multidistrict litigation possibilities?          Yes□  No☑
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes□  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes□  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes□  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes□  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. □ Indemnity Contract, Marine Contract, and All Other Contracts
2. □ FELA
3. □ Jones Act-Personal Injury
4. □ Antitrust
5. □ Patent
6. □ Labor-Management Relations
7. □ Civil Rights
8. □ Habeas Corpus
9. □ Securities Act(s) Cases
10. □ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) Trademark Infringement; Unfair Competition

B. *Diversity Jurisdiction Cases:*

1. □ Insurance Contract and Other Contracts
2. □ Airplane Personal Injury
3. □ Assault, Defamation
4. □ Marine Personal Injury
5. □ Motor Vehicle Personal Injury
6. □ Other Personal Injury (Please specify)
7. □ Products Liability
8. □ Products Liability — Asbestos
9. □ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Alex R. Sluzas _____, counsel of record do hereby certify:
□ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: June 13, 2017          _____          39931
                                    Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: June 13, 2017          _____          39931
                                    Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| CHATAM INTERNATIONAL INCORPORATED, CHARLES JACQUIN ET CIE, INC. : | CIVIL ACTION |
| v. : | |
| MILLSTONE SPIRITS GROUP LLC, D/B/A/ NEW : LIBERTY DISTILLERY ➕: | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

| | | |
|---|---|---|
| June 12, 2017 | Alex R. Sluzas ➕ | Plaintiffs ➕ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-568-4900 | 215-567-5057 | info@paulandpaul.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02